FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

2/26/24

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:22-cr-108-~~WWB~~BJD-PDB

CARMEL LINOT
　a/k/a Linot Carmel

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Carmel Linot, a/k/a Linot Carmel, and the attorney for the defendant, Lisa Call, Esquire, mutually agree as follows:

**A.　Particularized Terms**

1.　Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Five of the Indictment. Count One charges the defendant with bank fraud, in violation of 18 U.S.C. § 1344. Count Five charges the defendant with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

2.　Minimum and Maximum Penalties

Count One carries a maximum sentence of up to 30 years imprisonment, a fine of up to $1,000,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, or both a term of imprisonment and a fine, a term of supervised release of not more than five

Defendant's Initials  CL          AF Approval _____

(5) years, and a special assessment of $100, due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of up to three (3) years of imprisonment, as well as the possibility of an additional term of supervised release. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

Count Five is punishable by a mandatory minimum term of imprisonment of two (2) years, a fine of up to $250,000, or both the mandatory minimum term of imprisonment and a fine, a term of supervised release of not more than one (1) year, and a special assessment of $100, due on the date of sentencing. The mandatory minimum term of imprisonment must run consecutively with any other term of imprisonment imposed. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than one (1) year of imprisonment, as well as the possibility of an additional term of supervised release. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

The cumulative maximum penalties for Counts One and Five are up to 30 years' imprisonment and an additional two (2) year mandatory minimum term of imprisonment, fines of up to $1,250,000, or twice the gross gain caused by the

Defendant's Initials  *CL*                              2

offense, or twice the gross loss caused by the offense, whichever is greater, or both a term of imprisonment and a fine, a term of supervised release of up to five (5) years, and $200 in special assessments. A violation of the terms and conditions of supervised release carries a maximum additional term of not more than four (4) years of imprisonment, as well as the possibility of an additional term of supervised release. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), or to the community.

3. <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

<u>First</u>: the defendant knowingly carried out or attempted to carry out a scheme to defraud a financial institution or to get money, assets, or other property from a financial institution by using false or fraudulent pretenses, representations, or promises about a material fact;

<u>Second</u>: the false or fraudulent pretenses, representations, or promises were material;

<u>Third</u>: the defendant intended to defraud the financial institution; and

<u>Fourth</u>: the financial institution was federally insured.

Defendant's Initials _CL_    3

The elements of Count Five are:

 <u>First</u>: the defendant knowingly possessed and used another person's means of identification;

 <u>Second</u>: the defendant used the means of identification to defraud or deceive;

 <u>Third</u>: without lawful authority; and

 <u>Fourth</u>: during and in relation to a felony enumerated in 18 U.S.C. § 1028A, as charged.

4.  <u>Counts Dismissed</u>

At the time of sentencing, the remaining counts against the defendant, Counts Two through Four, and Six, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A). However, the defendant understands that the conduct giving rise to the charges set forth in these counts may be considered relevant conduct by the Probation Office and the Court in determining the defendant's sentence under the Sentencing Guidelines and under 18 U.S.C. § 3553.

5.  <u>Mandatory Restitution to Victims</u>

Pursuant to 18 U.S.C. §§ 3663(a)(3) and/or 3663A(a)(3), defendant agrees to make restitution to the victims in the case.

6.  <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The

Defendant's Initials _CL_     4

defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

7. <u>Upward Departure and Variance</u>

The defendant is put on notice through this plea agreement that at the time of sentencing, the United States intends to request that the Court depart upward and/or vary upward from the applicable sentencing guideline range. The defendant understands that this request is not binding on the Court, and if accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials CL          5

8. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(A), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to

Defendant's Initials _CL_               6

make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be

Defendant's Initials _CL_    7

found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

### B. Standard Terms and Conditions

#### 1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C.

Defendant's Initials _CL_   8

§ 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant

Defendant's Initials _CL_                               9

or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant

Defendant's Initials CC              10

expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to

Defendant's Initials _CL_                    11

appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials _CL_    12

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be

Defendant's Initials _CL_   13

adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _CL_    14

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 21 day of February, 2024

ROGER B. HANDBERG
United States Attorney

_____
CARMEL LINOT
Defendant

_____
KEVIN C. FREIN
Assistant United States Attorney

_____
LISA CALL, Esq.
Attorney for Defendant

_____
FRANK M. TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

Defendant's Initials CL

15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:22-cr-108-BJD-PDB

CARMEL LINOT,
   a/k/a Linot Carmel

PERSONALIZATION OF ELEMENTS

**Count One**

    1.    On or about December 16, 2021, in the Middle District of Florida, did you knowingly and willfully execute a scheme and artifice to defraud Community First Credit Union ("CFCU") to obtain monies, funds and credits under the custody and control of CFCU, by means of false and fraudulent pretenses and representations relating to a material fact, that is, by fraudulently opening up a personal bank account using a false identity for purposes of subsequently submitting a fraudulent application for a CFCU Visa credit card?

    2.    Do you admit that the false or fraudulent pretenses, representations, or promises were material?

    3.    Do you admit that you acted with an intent to defraud CFCU?

    4.    Do you acknowledge that CFCU was a financial institution with account federally insured by the National Credit Union Administration?

Defendant's Initials         16

**Count Five**

1. On or about December 16, 2021, in the Middle District of Florida, did you knowingly use another person's means of identification, that is, the Social Security number ending in 4939 assigned to M.A.?

2. Did you use the means of identification, that is, the Social Security number ending in 4939 assigned to M.A. to deceive and defraud Community First Credit Union by fraudulently opening up a personal bank account, using the Social Security number ending in 4939 assigned to M.A.?

3. Do you admit that you used the means of identification without lawful authority?

4. Do you admit that you used the means of identification during and in relation to a felony enumerated in 18 U.S.C. § 1028A, that is, bank fraud, as charged in Count One of the Indictment?

Defendant's Initials _CL_    17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:22-cr-108-~~WWB~~-BJD-PDB

CARMEL LINOT
a/k/a Linot Carmel

### FACTUAL BASIS

On December 16th, 2021, while in the Middle District of Florida, Carmel LINOT ("defendant") submitted an on-line personal bank account application to Community First Credit Union ("CFCU"). On the application the defendant listed his first name as "LINOT" and his last name as "CARMEL." As part of the application, he provided false information regarding his employment and income. During the application process to open the personal bank account the defendant represented to CFCU that his assigned Social Security number ("SSN") was a number ending in 4939 when in fact he knew that was not the SSN assigned to him. He used the SSN ending in 4939 on multiple pages of the on-line application. As part of the on-line application, the defendant uploaded a photo of a counterfeit Georgia driver's license with his picture, but containing a false identity. Relying on the aforementioned information to include the SSN ending in 4939 CFCU approved the application.

Defendant's Initials _CL_

After establishing the fraudulent personal bank account, on December 23rd, 2021, the defendant submitted an on-line application for a CFCU VISA credit card. In the application he used the SSN ending in 4939. CFCU disapproved the credit card application due to the signature being incomplete. On December 24, 2021, bank surveillance video captured the defendant entering the CFCU Oakleaf Branch in Jacksonville, Florida. Working with a CFCU Member Services Representative, the defendant signed the credit card application which listed the SSN ending in 4939.

Follow up investigation by law enforcement determined that the SSN ending in 4939 was assigned to a minor, M.A. CFCU is a financial institution doing business in the Middle District of Florida, and elsewhere, and its accounts are federally insured by the National Credit Union Administration.

Defendant's Initials _CL_    2